IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD C. GOBEILLE, M.D.,

    Plaintiff,

v.                                                   CIV 12-1154 JCH/KBM

TRUSTMARK INSURANCE
COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION TO COMPEL**

THIS MATTER comes before the Court on Defendant's Motion to Compel and Brief in Support Thereof (Doc. 43), filed April 22, 2013.  Having reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities, the Court finds that the motion is well-taken and will be granted.

**I.    BACKGROUND**

In 1996, Plaintiff, a plastic surgeon, purchased a long-term disability insurance policy ("the Policy") from Hartford Insurance Company.  Hartford later assigned the Policy to Defendant Trustmark Insurance Company.  In 2000, Plaintiff submitted a disability claim to Defendant under the Policy based upon a diagnosis of atrophic macular degeneration of his eyes.  Defendant began paying Plaintiff disability benefits under the Policy in September 12, 2000.  Under the terms of the Policy, such benefits were payable until Plaintiff reached the age of sixty-five.

In January of 2011, Plaintiff's treating ophthalmologist certified that Plaintiff was legally blind in both eyes, with or without corrective lenses.  As a result, in February of 2011, Plaintiff requested additional benefits for life under the "Presumptive Total Disability" provision of the Policy.  That provision states that if Plaintiff suffered permanent loss of sight in both eyes before his sixty-fifth birthday, monthly disability benefits would be payable to him for life.   Plaintiff reached the age of 65 months later, on May 31, 2011.

In May of 2012, Defendant denied Plaintiff's claim for presumptive total disability benefits, contending, among other things, that Plaintiff was continuing to perform independent medical examinations and had therefore not lost all practical use of sight in both eyes.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable.  *See* Fed. R. Civ. P. 37.

**III.     ANALYSIS**

Defendant, in its motion to compel, seeks production of Plaintiff's personal and corporate tax returns for tax years 2005 through 2008.  On December 27, 2012, Defendant served Plaintiff with its First Requests for Production, requesting that Plaintiff produce his corporate and personal tax returns since 1998.  On February 20, 2013, Plaintiff responded to this request, objecting to the requests as overly broad, unduly burdensome, and calling for information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Without waiving this objection, however, Plaintiff produced his personal and corporate returns for 2009 through 2010.  Then, on March 29, 2013, Plaintiff supplemented his response, producing his personal and corporate 2011 tax returns.  However, Plaintiff failed to provide his personal and corporate tax returns from 2005 through 2008, resulting in the filing of the instant motion to compel.

First, Plaintiff argues that his tax returns for 2005 through 2008 are irrelevant and not discoverable, because he may qualify for presumptive total disability benefits under the Policy regardless of whether he has earned in the past, or is capable of earning in the future, non-passive income.  Indeed, the Policy provides that disability benefits are payable even if the insured is working and not receiving medical care.  *See Complaint* at ¶ 25.  Second, Plaintiff indicates that he did not lose sight in both eyes until late 2010, which was then confirmed by his Ophthalmologist in January of 2011.  Plaintiff maintains that whether he earned non-passive income involving the use of his eyes prior to

2010 is not relevant to his claim for presumptive total disability benefits in 2011. According to Plaintiff, the amount and sources of Plaintiff's income in 2005 through 2008, when he admittedly did not qualify or seek presumptive total disability benefits, is not relevant or likely to lead to the discovery of admissible evidence.

In response, Defendant acknowledges that the Policy allows Plaintiff to continue working and still be considered presumptively totally disabled. Yet it maintains that if Plaintiff's work activities demonstrate that Plaintiff has any practical use of his eyes, he is therefore disqualified from receiving such benefits under the Policy. Defendant claims that providing independent medical examinations, for instance, would necessarily require the practical use of Plaintiff's eyes. Defendant argues that both whether Plaintiff was able to work and the type of work he performed are directly relevant to whether Plaintiff is presumptively totally disabled under the Policy. Further, although Plaintiff did not seek presumptive disability benefits until 2011, Defendant contends that his personal and corporate tax returns from 2005 until 2008 will demonstrate whether Plaintiff's work activities changed, how they changed, and whether those changes were due to the loss of the practical use of his eyes.

The Court agrees with Defendant that Plaintiff's personal and corporate tax returns from 2005 through 2008 may well contain key information regarding the timing of Plaintiff's presumptive total disability and/or demonstrate how his work activities have changed over time. Therefore, the Court finds that Defendant's request -- that Plaintiff produce personal and corporate tax returns

for 2005 through 2008 -- is reasonably calculated to lead to the discovery of admissible evidence.

Wherefore**,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel is **granted**. Within ten (10) days of this Order, Plaintiff must produce his personal and corporate tax returns for tax years 2005 through 2008.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE