IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


RICHARD C. GOBEILLE, M.D.,

        Plaintiff,

vs.                                         CIV 12-1154 JCH/KBM

TRUSTMARK INSURANCE
COMPANY,

        Defendant.


## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiff's Expedited Second Motion to Compel (*Doc. 62*) which was fully briefed as of October 28, 2013. In a telephonic discovery conference held today at the request of the parties, the Court announced its ruling on the motion and indicated this opinion and order would be entered and the order would address other matters that were discussed as well.

In his motion, Plaintiff asks the Court to compel Defendant to produce an un-redacted copy of the document Bates labeled TM 000712. Defendant maintains that the redacted portion of the document is protected by the work product doctrine and the attorney-client privilege. Additionally, Plaintiff seeks sanctions in the form of attorney fees and costs in connection with the filing of this motion and reopening the deposition of Robert Swan.

The parties have set forth the facts in this case, which appear to be largely undisputed. Having examined the submission of the parties and the relevant law, the Court finds that Trustmark failed to timely produce a privilege log, and the one ultimately produced was incomplete. Further, because neither the work product doctrine nor the attorney-client privilege applies to the redacted portion of TM 000712, Trustmark must produce the document without redactions.

**Privilege Log**

Rule 26 of the Federal Rules of Civil Procedure governs the production of privilege logs when a party withholds otherwise discoverable information.

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5).

Although the redacted document at issue here was produced in December of 2012, Trustmark did not provide any privilege log with regard to TM 000712 until October 2, 2013, almost ten months after production of the document. When a privilege log was eventually produced, it was woefully inadequate. The privilege log did not state the author of the notation, describe the nature of the communication, or provide sufficient information that would enable Plaintiff to assess the claim of privilege. The log merely identified the notation as a "[c]ommunication with legal department." But this characterization is misleading, at best. The redacted communication was not made by an attorney or to an attorney. Rather, the author of the notation is Robert Swan,

Trustmark's Second Vice President, who was addressing Robert Silverberg, a senior claims consultant.

By failing to provide a timely and adequate privilege log, Trustmark has waived any protection from disclosure the attorney-client privilege or work product doctrine would have provided. *See Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 651 (D.N.M. 2007) ("The law is well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege."). Thus, the Court could grant the second motion to compel on this basis alone. But as seen below, neither the doctrine nor privilege even applies to the redacted communication.

**Attorney Work-Product Doctrine**

In diversity cases, work product issues are addressed in Rule 26 of the Federal Rules of Civil Procedure. *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 702 n. 10 (10th Cir. 1998).

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

Fed. R. Civ. P. 26(b)(3)(A). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238, 95 S. Ct. 2160 (1975). The attorney work-product doctrine "is intended only to guard against divulging the attorney's strategies and legal impressions." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). Documents or other items not reflecting the attorney's mental impressions fall outside the work product doctrine. *See In re Grand Jury*

**3**

*Proceedings*, 658 F.2d 782, 784–85 (10th Cir.1981) ("Such mental impressions are a prerequisite to the invocation of the work product doctrine."); *Nobles,* 422 U.S. at 239 ("the doctrine protect[s] material prepared by agents for the attorney as well as those prepared by the attorney himself").

As with the attorney-client privilege, the party asserting the work product protection bears the burden of demonstrating that it applies and that it has not been waived.  *Kovacs v. Hershey Co.*, 2006 WL 2781591 at * 10 (D.Colo. 2006).  A blanket assertion is insufficient to meet that burden.  *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995).  The asserting party must show that the documents or materials were prepared in anticipation of litigation by or for a party or that party's representative.  Fed. R. Civ. P. 26(b)(3).

Defendant argues that the redacted notation was written in anticipation of litigation because it followed receipt of the "demand" letter from Plaintiff's counsel dated March 24, 2011.  However, the Court previously determined that the March 24, 2011 letter did not provide a basis for invoking work product protection.  *See Doc. 41* ( "[T]he only 'demand' contained in Mr. Warburton's letter was that Trustmark make a decision on Dr. Gobeille's claim for benefits.  Mr. Warburton's letter neither mentioned nor threatened litigation.").  Moreover, the redacted notation was not made by an attorney, to an attorney, or in response to a request from an attorney.  For these reasons, the notation does not implicate work product protection.

**<u>Attorney-Client Privilege</u>**

Pursuant to Rule 501 of the Federal Rules of Evidence, state law supplies the rules concerning attorney-client privilege in diversity cases.  *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 699 (10th Cir.1998).  Rule11-503 of New

**4**

Mexico's Rules of Evidence expressly provides for and governs the attorney-client privilege. *Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806, 813 (citing Rule 11–503; Pub. *Serv. Co. of N.M. v. Lyons*, 2000–NMCA–077, ¶¶ 11–13, 129 N.M. 487, 10 P.3d 166)). That rule states that that the attorney-client privilege applies to "confidential communications made for the purpose of facilitating the rendition of professional legal services to the client. . . ." Rule 11–503(B) NMRA*; see also S.F. Pac. Gold Corp. v. United Nuclear Corp.*, 2007-NMCA-133, 143 N.M. 215, 221, 175 P.3d 309, 315.

The party asserting the attorney-client privilege bears the burden of demonstrating that it applies and that it has not been waived. *Pina v. Espinoza*, 2001-NMCA-055, ¶ 24, 130 N.M. 661, 29 P.3d 1062, 1069. "The bald assertion that production of the requested information would violate a privilege [provided by law] is not enough. The party resisting discovery has the burden to clarify and explain its objections and to provide support therefor. General objections without specific support may result in waiver of the objections." *United Nuclear Corp. v. Gen. Atomic Co.*, 96 N.M. 155, 629 P.2d 231, 293 (1980) (internal quotations and citation omitted).

Defendant asserts that while the redacted notation is not a "direct attorney-client communication, it relates to a subsequent attorney-client communication and the substance of that [subsequent] communication." *Doc. 67* at 6. On that basis, Defendant maintains that the notation is thereby subject to the privilege and relies on *Williams v. Sprint/United Management Co.*, 230 F.R.D. 640 (2005). *Williams*, a Kansas district court case not binding on this Court, involves the standards of electronic discovery with regard to the production of metadata, which is wholly unrelated to the issues in this case.

Simply put, this Court is unwilling to cast the net of attorney-client privilege so wide as to capture all communications that simply may relate to a later attorney-client communication.  Such a broad reading of the privilege would render its application unpredictable and murky the waters by encompassing a huge array of communications.  Even if the Court were willing to go down that road, Defendant has not demonstrated how the redacted notation relates to any subsequent attorney-client communication.

## Conclusion

Since Defendant failed to submit a timely and adequate privilege log, it has waived any claim to protection under the attorney work-product doctrine or the attorney-client privilege.  Further, the redacted notation implicates neither the work product doctrine nor the attorney-client privilege.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Expedited Second Motion to Compel (*Doc. 62*) is hereby granted and that Defendant produce an unredacted copy of TM 000712 within three (3) days of the entry of this Order.

IT IS FURTHER ORDERED that Plaintiff submit a cost bill to Defendant for his attorney fees and costs associated with reopening of the deposition of Mr. Swan, which Plaintiff has agreed to take by telephone.

IT IS FINALLY ORDERED that Plaintiff's Response to Defendant's Amended Motion for Summary Judgment *(Doc. 73)* is now due by December 16, 2013 and Defendant's Reply due by January 13, 2014.

IT IS FURTHER NOTED that the parties request that the presiding judge consider Plaintiff's now pending motion for partial summary judgment *(Doc. 53)* in

conjunction with Defendants competing Amended Motion upon completion of its briefing.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

Case 1:12-cv-01154-JCH-KBM   Document 75   Filed 11/06/13   Page 7 of 7